## ANTHONY RASCH *v.* HIS CREDITORS.

A debtor who, being unable to pay all his debts at the moment, transacts with his creditors and obtains from them a delay, is not an insolvent. The concession of a respite is based upon the supposed solvency, or eventual ability of the applicant to pay all his debts. The laws relative to respite are not insolvent laws.

The debtor who applies for a respite does not seek a discharge from his obligations, nor attempt to impair them. The laws of this State relative to respites are not unconstitutional, nor were they repealed or suspended by the act of congress of 19 August, 1841, establishing a uniform system of bankruptcy.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius*, for the plaintiff.

*Chinn*, for the appellant.

GARLAND, J. The petitioner presented himself to the inferior court, alleging that he had a sufficiency of property to pay all his debts, if a reasonable time should be allowed him to sell it, on moderate and fair credits ; but that, if he should be forced to meet all the engagements for which he was responsible, as they became due, and to sell his property for cash, he would not be able to pay his debts. He prayed that a meeting of his creditors might be called, and that a respite of one, two, and three years, might be granted him. The creditors assembled before a notary public ; an

exhibit of the petitioner's affairs was made; and more than three-fourths of the creditors, in number and amount, agreed to the respite, and it was decreed by the judge.

John A. Miller, who is a creditor of the petitioner, opposed the respite, not for any unfairness or fraud in the proceedings, but on the ground that the law of this State in relation to respite, had been repealed or suspended by the enactment by Congress, in the month of August, 1841, of the law in relation to bankruptcy. The objection was overruled; and Miller then prayed that Rasch might be compelled to give bond and security, that his property, or its proceeds should be applied to the payment of the debts. This was given, and Miller has appealed.

The debt was contracted in this State, although Miller is a resident of Mississippi; and the question is reduced to two points : *first*, is the law in relation to respite, as laid down in the Code, an insolvent law, in the proper and legal acceptation of the term ; *secondly*, if it be not, is it in any manner repealed or suspended by the bankrupt law of Congress.

Upon the first point, it will be necessary to ascertain the precise meaning of what a respite is, and also what is understood by insolvency. Bouvier, Law Dict. vol. 2, 363, says : " Respite in contracts, in the Civil Law, is an act by which a debtor, who is unable to satisfy his debts at the moment, transacts (*i. e.* compromises) with his creditors, and obtains from them time or delay, for the payment of what he owes them." Our own Code, art. 3051, is in nearly the same words. Other established authorities give the same definition. Pothier treats of it, under the article relating to the effect of contracts ; and, against those creditors who refuse to give the time, he says it is to be considered as a question of equity, as it is not just that the rigor of some creditors should prejudice the interest of all. Pothier, Obl. vol. 1, No. 88. The Civil Code, art. 1980, says, that an insolvent is a person whose estate is not sufficient to pay his debts. This is the legal definition, though the word, according to commercial usage, may have a more extended signification. When we look at the evidence before us, we see that the petitioner has property, estimated to exceed his debts by a very large amount. It is urged, that the proceedings to obtain a respite may eventuate in a cession of property and actual insol-

vency, and that, therefore, in all applications for it, insolvency is to be assumed. This is not so. When the proceedings terminate in that way, it is because the creditors, when they come to examine into the debtor's affairs, find them different from what he has represented them, and find, instead of having sufficient assets to pay the debts eventually, that he is insolvent; and the law so declares him, on their finding. But where a respite is granted, it rests upon the fact of solvency or eventual ability to pay all the debts, and the assent of the creditors establishes the solvency and accords the delay.

Upon the second point, the counsel for Miller relies, with much confidence, upon the cases of *Sturges* v. *Crowninshield*, (4 Wheaton, 122,) and *Ogden* v. *Saunders*, (12 Wheaton, 213). In both these cases, the Supreme Court of the United States was much divided in opinion. There was but a majority of one, in the latter case; and Judge Johnson, in his opinion, says that in the former, the court was greatly divided in their views, and, that the judgment partakes as much of a compromise as of a legal adjudication, and must, in its authority, be limited to the terms of the certificate. 12 Wheaton, 272, 273. The law in relation to respite in this State, has no similarity to the acts of the legislature of New York, which were the subjects of consideration in those cases. In *Sturges* v. *Crowninshield*, the act of the New York legislature of the third of April, 1811, not only liberated the person of the debtor, but discharged him from all liability for any debt previously contracted, on his surrendering his property in the manner prescribed by the act. The Supreme Court said that this was a law impairing the obligation of contracts, within the meaning of the constitution of the United States. The latter case was one, in which the defendant also set up as a defence and bar to the action, a discharge under another insolvent law of the State of New York. The court held that the act had no extra-territorial effect, and could not be pleaded in the courts of the United States, or of another State. In the case before us, the petitioner seeks no discharge from his obligations, nor does he wish to impair their validity. He only says, I cannot pay you now, without ruin to myself, and injury to you and my other creditors; but give me time and all will be paid. We do not see that the granting of so reasonable a demand, is unconstitu-

tional, or prohibited by the act of Congress in relation to bank-rupts.

We do not intend to express any opinion, whether, if the creditors of Rasch have acquired under the act of Congress a right to force him into bankruptcy, or shall acquire such a right pending the respite, the proceedings for this respite would defeat the right on the part of the creditors. In such a case, the two laws would, perhaps, be incompatible.

*Judgment affirmed.*